United States District Court
Southern District of Texas
**ENTERED**
November 07, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TAFFANY ANNE JONES, § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> COMMISSIONER OF THE § <br> SOCIAL SECURITY ADMINISTRATION, § <br> *Defendant*. § | Civil Action No.: 4:24-cv-4500 |

## **MEMORANDUM AND RECOMMENDATION**

This case is before the court on Plaintiff's Opposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.[1] ECF 14. Plaintiff seeks an award of attorney's fees in the amount of $5,867.80. Having considered the parties' submissions and the law, the Court recommends Plaintiff's motion be GRANTED in part.

Plaintiff filed a Complaint pursuant to 42 U.S.C. § 405(g) seeking review of the Commissioner's final decision denying her application for Disability Insurance Benefits. ECF 1. Plaintiff filed a Motion for Summary Judgment (ECF 10) and in response the Commissioner filed an Unopposed Motion to Remand. ECF 11. On May 5, 2025, the Court granted the Motion, reversing the Commissioner's decision

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 3.

and remanding the case for further proceedings pursuant to 42 U.S.C. § 405(g). ECF 12. Thus, Plaintiff is the prevailing party and is entitled to an award of reasonable attorney's fees. *See Shalala v. Schaefer*, 509 U.S. 292, 302-303 (1993) (holding that a plaintiff who obtains a remand order is a prevailing party); *Banks v. Berryhill*, Civil Action No. 4:18-cv-0239, 2019 WL 2084539, at *1 (N.D. Tex. May 13, 2019) (holding that "[a]ny attorneys' fees awarded under the EAJA must be reasonable.").

The EAJA sets the rate for attorney's fees at $125 per hour, "unless the court determines that an increase in the cost of living or a special factor" justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii). The court has wide discretion to increase the statutory hourly rate. *Martha V. v. Kijakazi*, No. 4:21-CV-3267, 2023 WL 5186869, at *2 (S.D. Tex. Aug. 10, 2023). To determine a reasonable rate, district courts in the Fifth Circuit adjust the current $125.00 statutory rate using the average Consumer Price Index for the region where the work was performed for the specific year in which the work was performed.[2] *See Perales v. Casillas*, 950 F.2d 1066, 1079 (5th Cir. 1992) (instructing the district court "to segregate the attorneys' hours by year and apply the appropriate cost-of-living adjustment on an annual basis"). Specifically, the court compares the CPI for this region in 1996 when the $125.00

---

[2] The CPI for the Houston-The Woodlands-Sugar Land TX region can be found at https://data.bls.gov/timeseries/CUURS37BSA0?amp%%20253bdata_tool=XGtable&output_view=data&include_graphs=true (last visited November 06, 2025).

rate was established and the CPI for the year in which the work was performed to arrive at a differential and then multiplies that differential by $125.00 per hour. *See Angela C. v. Kijakazi*, No. 4:22-CV-0904, 2023 WL 4551207, at *2 (S.D. Tex. June 28, 2023) (calculating the 2022 hourly rate of $226.58 by multiplying the percentage difference between the 1996 CPI of 142.7 and the 2022 CPI of 258.66, or 181.26, by $125.00), report and recommendation adopted sub nom. *Collum v. Kijakazi*, No. 4:22-CV-0904, 2023 WL 4549594 (S.D. Tex. July 14, 2023); *Martha V.*, 2023 WL 5186869, at *3 (calculating the 2023 hourly rate of $232.30 by multiplying the percentage difference between the 1996 CPI of 142.7 and the 2023 CPI for the first half of 2023 of 265.194, or 184.68, by $125.00). As to hours, counsel in cases of this kind in this district typically request fees for 20-40 hours of work. *Angela C.*, 2023 WL 4551207, at *2; *Martha V.*, 2023 WL 5186869, at *2.

Plaintiff seeks attorney fees for 2.5 hours of work performed in 2024 at the rate of $242.23 per hour and 18.4 hours of work performed in 2025 at the rate of 244.55 per hour. ECF 14 at 2. Plaintiff also seeks paralegal fees for 6.1 hours of work performed in 2024 and 2025 at the rate of $125.00 per hour. *Id.* The Commissioner does not object to either the rate requested for attorney work or to the number of hours requested for paralegal and attorney work. ECF 15. The Court agrees the requested attorney rate and the total number of hours worked are reasonable for similar work in this region.

The Commissioner objects to the paralegal rate of $125.00, citing a case from May 2025 in which the same firm requested and received an award of paralegal fees of $100.00 per hour. *Viola E. v. Bisignano*, No. 4:24-CV-1107, 2025 WL 1842636, at *3 (S.D. Tex. May 20, 2025). Plaintiff argues that the award should reflect the reality that paralegal rates have risen over the last several years just as attorney rates have risen. ECF 16. Plaintiff cites the National Utilization and Compensation Reports produced by the paralegal professional association NALA showing rates in the southwest region of the U.S. of $149.00 per hour in 2024. *Id.* at 3. However, as recently as September of this year, the court held, in a case in which Plaintiff's counsel sought $125.00 per hour for 6.2 hours of paralegal work, that "[c]ourts in this Circuit approve similar amounts of paralegal work, but at a rate of $100 per hour in the context of the EAJA." *Justin Jayde H. v. Bisignano*, No. 4:24-CV-4499, 2025 WL 2531503, at *3 (S.D. Tex. Sept. 3, 2025); *N.H.M. v. Comm'r of Soc. Sec.*, No. 4:24-CV-03634, 2025 WL 2687867, at *2 (S.D. Tex. Sept. 19, 2025) (finding the requested paralegal rate of $100.00 to be reasonable). The Court will follow this recent precedent and recommend an award of $610.00 for 6.1 hours of paralegal work at the rate of $100.00 per hour.

Therefore, the Court RECOMMENDS that Plaintiff's Motion (ECF 14) be GRANTED in part. The Court further RECOMMENDS that the Court will enter a

Final Judgment awarding Plaintiff fees under the EAJA in the total amount of $5,715.30.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on November 07, 2025, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge